UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TIMOTHY ALLEN WEBB, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:07-cr-115 |
| | ) | | 3:08-cv-377 |
| | ) | | (PHILLIPS/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Timothy Allen Webb ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Petitioner pleaded guilty to felon in possession of ammunition, in violation of 18 U.S.C. § 922(g), and was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to the mandatory minimum term of imprisonment of 180 months. The sentence was ordered to be served concurrently with his sentences out of the Criminal Court for Knox County, Tennessee.

The Plea Agreement, which was signed by petitioner, set forth the facts underlying his guilty plea as follows:

> On or about January 6, 2007, Knoxville Police Department officers encountered the defendant on or near Joe Lewis Drive in Knoxville, Tennessee. The officer [sic] recognized the defendant as a suspect in recent crimes, and someone who had ran from them the night before. The officers also had information that the Defendant might be armed with a handgun. The officers saw the defendant reach toward his pocket as they approached him, but it was too dark to seek [sic] what might have been in the pocket. Officers detained the defendant and performed a *Terry* frisk of him, which revealed

several rounds of .25-caliber ammunition. In response to questioning regarding the location of the corresponding firearm, the defendant led the officers to the location of his initial detention where the officers located a loaded .25-caliber pistol. Both the firearm and ammunition had been manufacture outside the state of Tennessee. The defendant previously has been convicted by courts of crimes punishable by terms of imprisonment exceeding one year.

[Criminal Action No. 3:07-cr-115, Court File No. 16, Plea Agreement, p. 3, ¶ 4].

The Presentence Report also noted that the police officers had initially approached petitioner because a resident of Montgomery Village had reported that petitioner was showing off a firearm that he claimed he had used in a robbery and shooting. [Presentence Investigation Report, ¶ 6].

In support of his § 2255 motion, petitioner alleges that he received the ineffective assistance of counsel and that his guilty plea was not knowing and voluntary.

III.  Discussion

*A. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges his attorney failed to do the following: (1) request a psychological examination to determine petitioner's capacity to enter a guilty plea; (2) file pre-trial motions alleging that the officers lacked probable cause or reasonable suspicion to stop him; (3) investigate the anonymous informant on whom the officers relied; (4) file a pre-trial motion to suppress petitioner's statements; and (5) investigate the facts of the case and discover that petitioner's arrest involved excessive force and physical abuse.

4

With respect to petitioner's claim that counsel should have requested a psychological examination, the standard for determining whether a defendant's competence should be evaluated is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402(1960)). There is nothing in the record to suggest that petitioner was not competent to stand trial. As indicated in the discussion on the voluntariness of petitioner's guilty plea, *infra*, petitioner answered the court's questions responsively and appropriately, and the court found him competent to plead guilty.

A court is only required to conduct a competency hearing where there is "substantial evidence of a defendant's incompetency." *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). There being no evidence of petitioner's incompetence, the court would not have held a competency hearing and counsel was not ineffective in failing to request one. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel)

As to petitioner's claim that counsel should have challenged the stop, there was no basis to have done so. The officers stopped plaintiff because they recognized him, they saw him reach into his pocket, and they had information that he might be armed. *See, e.g., United States v. Strahan*, 984 F.2d 155, 157-58 (6th Cir. 1993) (officer was justified in conducting a *Terry* stop based upon information that the defendant was armed). Counsel was not ineffective in failing to file a frivolous motion to challenge the stop.

5

With respect to petitioner's claim that counsel should have investigated the anonymous informant, petitioner does not state how the identity of the informant would have assisted him in his defense. *See United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (disclosure not required where defendant failed to establish that knowing the informants' identities would substantially assist his defense); *see also United States v. Raddatz*, 447 U.S. 667, 679 (1980) (the Due Process Clause "has never been held to require the disclosure of an informant's identity at a suppression hearing"). Counsel was not ineffective in failing to file a frivolous motion in this regard.

As to petitioner's claim that counsel should have filed a motion to suppress his statement, petitioner alleges that the officers did not inform him of his *Miranda* rights. Petitioner was arrested after the officers searched him and found the ammunition. The suppression of his statements would not have precluded a finding that plaintiff was guilty of felon in possession of ammunition and petitioner has failed to demonstrate ineffective assistance of counsel in this regard.

With respect to petitioner's claim that counsel should have investigated the facts of the case and discovered that petitioner's arrest involved excessive force and physical abuse, this claim also lacks merit. Whether the arrest involved excessive force would have been irrelevant to the fact of petitioner's guilt. Counsel was not ineffective in failing to file a frivolous motion in this regard.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## B. Guilty Plea

Petitioner alleges that he would not have pleaded guilty had he been aware of his attorney's deficient representation. He also claims that he did not understand the consequences of his guilty plea.

As noted earlier, the Plea Agreement set forth the facts underlying his guilty plea. [Court File No. 16, Plea Agreement, p. 3, ¶ 4]. The Plea Agreement also specified that petitioner was facing a sentence of up to ten years if he was determined not to be an armed career criminal and a sentence of 15 years to life if he was determined to be an armed career criminal. [*Id*. at 1, ¶ 1(a)]. Petitioner stated that he was pleading guilty because he was in fact guilty. [*Id*. at 2, ¶ 3]. He acknowledged the rights he was giving up by pleading guilty. [*Id*. at 3-4, ¶ 5]. He also acknowledged that his sentence would not be determined until after the U.S. Probation Office prepared a pre-sentence report and that his sentence would be based upon the entire scope of his criminal conduct, his criminal history, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553. [*Id*. at 5, ¶ 8]. Petitioner agreed that he would not file a direct appeal and he waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct. [*Id*. at 6, ¶ 10 (a)-(b)].

In 1969, the United States Supreme Court held that, prior to the acceptance of a guilty plea, there must be "an affirmative showing that it [is] intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea cannot be knowing and voluntary unless

7

Case 3:07-cr-00115-TWP-CCS   Document 27   Filed 09/20/11   Page 7 of 10   PageID #: 118

entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Court File No. 24, Transcript of Change of Plea]. The court first determined that petitioner was 22 years old and had gone to the 11th grade in school. [*Id*. at 3]. The court next determined that petitioner understood the nature of the charge against him and the elements of the offense charged that the government was required to prove beyond a reasonable doubt. [*Id*. at 4-5]. The court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 5-6]. Petitioner was specifically asked whether any person, including an officer or agent of the government, had pressured him, either physically or mentally, to plead guilty, and whether any officer or agent of the government had promised him a lighter sentence if he pleaded guilty; he answered "No, sir" to both questions. [*Id*. at 7].

At the court's request, the government stated on the record the elements of the offense, the factual basis for petitioner's plea, and the minimum and maximum penalties that petitioner was facing. [*Id*. at 7-9]. Upon questioning by the court, petitioner agreed with the government's summary of the facts, acknowledged his understanding of what he was pleading guilty to, and stated that he was pleading guilty because he was in fact guilty. [*Id*. at 9-10].

The court determined that petitioner understood his sentence would be determined by the court after referring to the applicable sentencing guidelines and other relevant

8

information, and that petitioner would not be permitted to withdraw his guilty plea based on the sentence he received. [*Id.* at 11-12]. The court then accepted the guilty plea.

> The Court has observed the appearance of this Defendant and his responsiveness to the questions asked. Based upon these observations and his response to the questions asked of him by the Court, the Court finds that the Defendant is fully competent and capable of entering an informed plea, and his plea of guilty to violating 18 United States Code Section 922(g)(1) will be accepted by the Court.
>
> Defendant is in full possession of his faculties and is competent to plead guilty. Defendant is not under the influence of narcotics or other drugs or alcohol. He has knowingly waived his constitutional rights to a trial and the other rights accorded to individuals accused of crime. Defendant understands the nature of the charge to which the plea has been offered and the maximum and minimum penalties provided by law for the charged offense.
>
> Defendant has offered to plead guilty knowingly and voluntarily, he understands the plea agreement that has been made on his behalf, and, accordingly, the plea of guilty will be accepted.

[*Id.* at 13-14].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690,

9

696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, petitioner cannot now allege that his guilty plea was not knowing and voluntary. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

            s/ Thomas W. Phillips
            United States District Judge